OPINION
{¶ 1} Trey A. Ball pled guilty in the Greene County Court of Common Pleas to two counts of robbery, a second degree felony, and one count of possession of criminal tools, a fifth degree felony. Ball had no plea agreement with the state. On March 14, 2006, the court sentenced Ball to six years in prison for the robberies and to eleven months in prison for *Page 2 
possession of criminal tools, to be served consecutively. In reaching this sentence, the court considered principles of felony sentencing set forth in R.C. 2929.11, the factors stated in R.C. 2929.12, and whether Ball was amendable to community control under R.C. 2929.13. The court also made findings under R.C. 2929.14(B), which was held unconstitutional in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470. Ball appeals from his sentence.
 {¶ 2} In his sole assignment of error, Ball claims that his sentence was excessive. He argues that he did not cause physical harm to anyone, and it was unclear whether he or his accomplice possessed a handgun during the robberies. Although Ball acknowledges that he has a prior criminal record, he argues that the court failed to state a basis for concluding that there was a likelihood of recidivism.
 {¶ 3} Although Ball was sentenced after Foster was decided, he has not raised, at any time, that the court erred in making findings under R.C.2929.14(B) in contravention of Foster. Accordingly, Ball has waived that issue.
 {¶ 4} The state asserts that, before imposing sentence, the trial court properly considered the report of the Adult Probation Department and the principles and purposes of sentencing, balanced the seriousness and recidivism favors set forth in R.C. 2929.12, and considered the oral statements of counsel and Ball. The state indicates that Ball and his accomplice used a BB gun, which looked like a handgun, to accomplish their thefts. The state emphasizes that Ball has an extensive criminal history, despite his youth, and that he had prior opportunities for rehabilitation. The state thus contends that the six-year sentence was an appropriate exercise of the trial court's discretion.
 {¶ 5} Upon review of the record, we agree with the state that Ball's sentence was not *Page 3 
excessive. According to the pre-sentence investigation report, Ball has several prior offenses, including an aggravated robbery offense as a juvenile. As an adult, Ball was convicted of other theft-related offenses. Ball previously violated the terms of his community control, and he was unsuccessfully terminated from an alcohol and drug treatment program. The current offenses stemmed from two robberies, occurring three days apart. At the time of sentencing, Ball was only twenty-one years old. We note that Ball did not receive the maximum possible sentence for the current offenses, and the sentences are to be served concurrently, not consecutively. In light of Ball's criminal history, we find no error in the trial court's aggregate sentence of six years in prison.
 {¶ 6} Ball's assignment of error is overruled.
 {¶ 7} The judgment of the trial court will be affirmed.
 BROGAN, J. and DONOVAN, J., concur. *Page 1